LAMAR BATH HOUSE v. McCLOUD.

4-7880                                           193 S. W. 2d 809

Opinion delivered April 15, 1946.

*Wootton, Land & Matthews,* for appellant.

*Ernest Maner,* for appellee.

GRIFFIN SMITH, Chief Justice. Appellee is a masseur with fifteen years of experience, who received professional training at Cattlebery Institute in Chicago. June 28, 1944, he filed with Workmen's Compensation Commission a claim based upon injury occasioned by "... extensive use of hands . . . and use of alcohol, oils, etc., in treatment."

Substance of the testimony is that mineral oils, olive oil, cocoanut butter, and sometimes alcohol, were used as lubricants to prevent friction when a patient's body was massaged. Occasionally someone would ask for talc—a soft mineral in powdered form; a silicate of magnesium. It was not disputed that "good alcohol" was scarce, and that substitutes were frequently used. There was also testimony to the effect that it was quite difficult to procure high grade olive oil or cocoanut butter.

The Commission in its findings mentioned testimony of the claimant, who contended that for a period of two years before quitting his employment there were, at first, slight irritations, with gradual increase of discomfort and skin breakage, extending higher than the wrists. In an effort to remain at work appellee sometimes bandaged his hands to avoid the pain incident to contact with a patient's body. On at least two occasions appellee took short leaves, thinking rest would produce the relief he had otherwise been unable to find.

Dr. D. L. Cecil, a physician with the public health service at Hot Springs, testified that on his (Dr. Cecil's)

instructions McCloud was suspended because of the condition of his hands. The members ". . . were red from about the lower third of his arms to the ends of his fingers, [with] scaly eruptions." The same physician testified that the irritation was not of venereal origin or association.

Dr. Cecil, quoting from what he termed an authoritative text on diseases of the nature discussed, reached the conclusion that appellee was allergic to certain chemicals, or chemical components. Mention was made of "denaturing compounds" in alcohol. Dr. Cecil also testified that ". . . these allergic reactions are usually something a person acquires [and they ordinarily result in] lifetime reactions." Appellee was 65 years of age.

Appellant abstracts McCloud's testimony regarding efforts to procure relief. through treatment by specialists. He went to Houston, Texas, and became the patient of Dr. Kirk. In consequence the eruptions virtually disappeared and it seemed probable a cure would follow. However, with resumption of the old occupation the malady recurred.

Appellant complains that the Commission based its award upon ". . . an accidental injury by trauma."

It is contended there is no testimony relating to accident, and that the award rests upon speculation and conjecture.

While it is true that the term "accidental injury" is used, yet in substance the claim with supporting testimony is that—due to the use of oils and other chemicals —there was a breaking down of what is sometimes spoken of as "skin," but more appropriately termed epidermis. Dr. Bernard S. Maloy's Medical Dictionary for Lawyers (1942) defines industrial dermatitis as "various types caused by substances used in the industries."

We agree with appellants that in the sense in which an accidental injury is ordinarily referred to, there was no specific time or segregated incident to which appellee

could point as marking the beginning of disability; nor could McCloud, with exactness, name the *thing* that in an operational way rendered his hands useless. But virtual professional uselessness did attend efforts to work even moderately, and the fact that irritation returned at such times created factual presumptions sufficient to require the Commission to take proof. Resulting evidence justified the finding that the use of one or more of the oils produced the crippling effects.

In Case No. 7881—*The Arkansas National Bank of Hot Springs et al.* v. *Jane Colbert, ante,* p. 1070, 193 S. W. 2d 806—decided as of this date—it is held that the Commission was without substantial evidence where it found that the claimant (a woman of advanced years handling coins containing nickel) was not incapacitated within the meaning of the Act.[1] In the instant case the findings were in favor of the claimant. We have repeatedly held that as to questions of fact determined by the Commission an award, or the refusal to make one, will not be disturbed if the action is supported by substantial evidence.

While the claimant thought of his trouble as traumatic, it would be a perversion of justice to say that a woman who acquired dermatitis through handling nickel coins (and upon whose contentions and evidence the Commission acted adversely)—it would be judicial quiddle to say that in circumstances like those shown in Case No. 7881 the claiming party might appeal to Circuit Court and procure relief, but that McCloud must be denied the Commission's findings merely because of differences in pleadings in matters not misleading.

If it be urged that appellee's susceptibility was unusual, and that the risk did not fall within the intent of subsection (1) of § 14 of the Compensation Act, ". . . the disease [must be] due to the nature of an occupation or process in which [claimant] was employed," answer is that the skin irritation with which McCloud is afflicted (in milder form) had been observed for many months and the employer had notice that disease threatened—

---

[1] Act 319 of 1939.

and presumptively because of the nature of appellee's occupation.

It is inconceivable that the legislature intended a worker should be compensated because of dermatitis—an ailment resulting from the disintegrating minutia flowing, falling or radiating from a coin, and that like relief should be denied an employe who acquired disability such as has been established, and that this denial be effectuated through what in law is characterized "contradictory pleadings," when in truth the contentions have been fully developed and there is substantial evidence.

Affirmed.